TAYLOR, J.
E.B., a juvenile, appeals from a disposition order adjudicating him delinquent on charges of battery and disorderly conduct. Appellant was charged with two counts of battery and one count of disorderly conduct as a result of two separate school incidents involving the same victim. The court found that appellant committed a battery upon the victim in the first incident but found that the battery alleged in the second incident was not proven beyond a reasonable doubt.
Appellant contends that the trial court erred in reserving jurisdiction to order restitution since the court found that appellant committed a battery only during the incident wherein evidence showed that appellant merely pushed or shoved the victim but did not injure him. We disagree and find that appellant’s restitution challenge has been made prematurely. The trial court merely reserved jurisdiction to determine at a later hearing whether restitution should be ordered, and, if so, in what amount. It is the duty and responsibility of the trial court, not the appellate court, to make a factual determination whether, and to what extent, the victim has suffered any damages caused by appellant’s conduct. Only after such a determination has been made by the trial court does the issue of the propriety of a restitution order become ripe for review. See § 39.054(1)(f), Fla. Stat. (1995); J.O.S. v. State, 689 So.2d 1061 (Fla.1997); In the Interest of B.M., 580 So.2d 896 (Fla. 4th DCA 1991).
As to appellant’s second issue on appeal, the state concedes, and we agree, that the trial court erred in failing to set a maximum period of commitment of one year for the battery offense and sixty days for the disorderly conduct offense. §§ 39.054(4), 784.03(1), 877 .03, 775.082(4)(a), 775.082(4)(b) Fla. Stat. (1995).
Additionally, upon review of the record on appeal, it appears that the disposition order erroneously states “entry of a plea of guilty” rather than “trial.”
Accordingly, we affirm the decision of the trial court and remand only for correction of the order of commitment to reflect that the commitment is for a maximum period of no more than one (1) year for the battery and sixty days for the disorderly conduct, and that E.B. did not enter a guilty *142 plea but was tried and adjudicated delinquent.
AFFIRMED in part and REMANDED.
POLEN and STEVENSON, JJ., concur.