STONE, Chief Judge.
We affirm a post-dissolution order entered on the former husband’s motion for contempt.
During the pendency of the underlying dissolution action, an order “regarding custody and visitation” was entered by agreement of the parties. The agreement provided for visitation and set out a system in which two doctors, Alexander and King, were to determine all issues concerning visitation with the parties’ children, specifically including the scheduling of visitation, the supervision of visitation, and any geographical restrictions. The agreement provided that the parties would be bound by the doctors’ determinations.
The agreed order also required the doctors to provide written reports to the parties and the court with respect to the doctors’ recommendations. These reports were to be provided until the doctors made their final determination and issued a final report. The parties also agreed that until such time as the doctors issued a final report, they would abide by the terms of preliminary reports. The final judgment required that the parties comply with this order.
Following the entry of final judgment, the doctors’ interim report recommended certain visitation. The former wife then filed a motion for clarification, stating there was a dispute between the parties regarding the authority of the doctors to make determinations concerning issues of visitation. Subsequently, the doctors sent a letter to the trial court recommending that the former husband have certain specified visitation. Approximately three weeks later, the former husband filed a motion for contempt alleging the former wife interfered with the visitation recommended by the doctors. In the motion, the former husband specifically sought three forms of relief: (1) an order holding the former wife in contempt; (2) an order granting eompen- *899 satory visitation; and (3) an order requiring the former wife to pay attorney’s fees and costs. The trial court subsequently entered an order on the wife’s motion for clarification specifying that:
The Husband’s visitation shall be every other weekend commencing May 30, 1997 beginning at the end of school on Friday, lasting until the beginning of school the following Monday.... Former Husband’s weekday visitation shall be every Thursday, commencing May 29, 1997 from the end of school until the beginning of school on the following day.
In June 1997, the former husband filed an amendment to the motion for contempt alleging that the former "wife interfered with his visitation on the weekend of June 6-8, 1997.
In August, 1997, the court entered an order “on” the former husband’s motion for contempt. That order granted the motion but did not find or provide that the wife was in contempt. The court reiterated that the 1996 order on custody and visitation had been incorporated into the final judgment of dissolution. The court then found that the former wife had interfered with the former husband’s visitation which resulted in his missing nine full days of visitation with two of the children and eleven full days of visitation with a third, and numerous partial days of visitation. The court then ordered makeup visitation for nine days during a school break, pursuant to section 61.13(4)(c), Florida Statutes (1997).
Patently, section 61.13(4)(c) does not require a finding of contempt in order for the court to order make-up visitation.
When a custodial parent refuses to honor a noncustodial parent’s or grandparent’s visitation right, without proper cause, the court shall, after calculating the amount of visitation improperly denied, award the noncustodial parent or grandparent a significant amount of extra visitation to compensate the noncustodial parent or grandparent, which visitation shall be ordered as expeditiously as possible in a manner consistent with the best interests of the child and scheduled in a manner that is convenient for the person deprived of visitation.
§ 61.13(4)(c), Fla. Stat. Additionally, section 61.13(4)(d) states “[a]ny person who violates this subsection may be punished by contempt of court or other remedies as the court deems appropriate.” § 61.13(4)(d), Fla. Stat. (1997). Although the court did say that it was granting the “husband’s motion for contempt”, it did not state that the former wife was held in contempt.
We conclude that the court granted the husband’s motion only to the extent of awarding the make-up visitation. Therefore, it is not necessary to resolve issues raised as to the sufficiency of the order as to contempt. In any event, we note that the order is clear and precise and there was evidence of Appellant’s interference with visitation with intent to violate the prior orders.
We also need not resolve whether the final judgment erroneously delegated authority to the experts, as Appellant did not raise that issue in the direct appeal of the final judgment. Further, failure to comply with a court order may be addressed by the court even if the order is erroneous, provided the court is acting within its jurisdiction. In re Elrod, 455 So.2d 1325 (Fla. 4th DCA 1984). See St. George v. State, 564 So.2d 152 (Fla. 5th DCA 1990).
As to all other issues asserted, we also affirm.
GUNTHER and WARNER, JJ., concur.