PETERSON, J.
The appellees, Audrey T. Bellow and Kim M. Bellow, the mother and sister, respectively, of the appellant’s deceased husband, initiated this action in the trial court to enforce and domesticate a Louisiana decree awarding them visitation privileges with Victoria Debowe Bellow’s minor children. The trial court correctly ruled that the Louisiana decree was entitled to full faith and credit.
The appellant argues that the trial court erred by giving full faith and credit to the Louisiana decree because the decree impermissibly infringes on privacy rights afforded to her by the Florida Constitution, Art. 1, § 23, Fla. Const.; see Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998), Fitts v. Poe, 699 So.2d 348 (Fla. 5th DCA 1997). We have found no reason for invalidating the trial court’s recognition of the Louisiana judgment pursuant to the full faith and credit clause of the United States Constitution,[1] and reject the appellant’s argument that this judgment of a sister state violates her privacy rights under the guise that it violates the broad scope of Article 1, Section 23 of the Florida Constitution. A foreign judgment is not rendered unenforceable because it may violate a public policy of the forum state. See M & R Investments Co. v. Hacker, 511 So.2d 1099 (Fla. 5th DCA 1987)
We cannot locate in the record any challenges to the Louisiana court’s jurisdiction over the matter when the action for visitation was filed in that state. In this Florida action to domesticate and enforce the Louisiana decree, the record is also free of any assertion that the Louisiana court did not comply with the Uniform Child Custody Jurisdiction Act, sections 61.1302-61.1348, Florida Statutes (1997) (“UCCJA”), an act adopted by every state. Under the UC-CJA, a decree of another state is entitled to recognition if it was made “under factual circumstances meeting the jurisdictional standards of the [UCCJA].” § 61.1328. Importantly, the general purpose of the UC-CJA is to “facilitate the enforcement of custody decrees of other states.” § 61.1304(7). We find that the trial court properly concluded that the Louisiana judgment was entitled to recognition and enforcement.
Accordingly, we affirm the order of the trial court.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.

. Art. IV, § 1, U.S. Const.