823 So.2d 870 (2002)
Allan ZUBKIN, Appellant,
v.
Joy Grace ZUBKIN, Appellee.
No. 5D01-2812.
District Court of Appeal of Florida, Fifth District.
August 23, 2002.
*871 Edward P. Jordan, II of Edward P. Jordan, II, P.A., Clermont, for Appellant.
Charles A. Dehlinger, Altamonte Springs, for Appellee.
PETERSON, J.
Allan Zubkin appeals an order modifying child support in which the trial court imputed an additional $24,000 to Zubkin's $96,000 salary and made the modification effective on the date of the order.
Zubkin is a physician who permanently lost his surgery privileges at the two hospitals where he performed surgery. When he lost his privileges, he was also registered as a suspended surgeon with the National Practitioner's Database. The loss of privileges at two hospitals and the registration in the database effectively eliminated his surgical practice from which he previously generated income of $150,000 to $180,000 per year. His subsequent efforts to gain employment as a physician resulted in his appointment as a medical director of a Wellness Center four days per week at an annual salary of $96,000.
The trial court reduced Zubkin's child support obligation from $2,400 per month to $1,700 per month based upon his change of circumstances and an income of $120,000 per year. The trial court refused to further reduce the child support based upon the $96,000 current salary and imputed income at an additional $24,000 per year because Zubkin worked only four days per week for the Wellness Center; Zubkin formerly worked at least five days per week before the surgery privileges were revoked.
A trial court may only impute income to a party who is voluntarily unemployed or under-employed. See Walker v. Walker, 719 So.2d 977, 980 (Fla. 5th DCA 1998); § 61.30(2)(b), Fla. Stat. (2001). The imputation must be supported by specific findings of fact indicating the amount and source of the imputed income. See Woodard v. Woodard, 634 So.2d 782, 783 (Fla. 5th DCA 1994). There is an absence of specific findings of fact in the order rendered in the instant case. The imputation of income in the order is supported only by the trial court's comments that it was not convinced that Zubkin could not make more than $96,000 per year, perhaps by working an extra day of the week. No testimony was presented that Zubkin had the opportunity to work an additional day with his current employer or that he could find work for just one day with any employer.
Zubkin also complains that the trial court erred by failing to modify his child support obligations retroactive to the date that he filed his petition for modification. Whether the trial court considered the issue is not reflected by the order. A decision not to make the modification retroactive is discretionary, but reasons for not doing so should be stated. See King v. King, 734 So.2d 542 (Fla. 5th DCA 1999).
*872 We vacate the order modifying child support and remand. The trial court is instructed to:
1. Recalculate child support without imputing income.
2. Reconsider retroactive modification and state the reason for not doing so if that is the result.[1]
ORDER VACATED; REMANDED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] The trial court found that Zubkin had recently opened his own private practice and perhaps that was the reason for its conclusion that an extra day per week of earning was available. The record does not support the finding.