929 So.2d 721 (2006)
Hager D. STEVENS, Appellant,
v.
Monte C. STEVENS, Appellee.
No. 5D05-4492.
District Court of Appeal of Florida, Fifth District.
May 26, 2006.
Victoria S. Anderson of Newman, Anderson & Maloy, Lake Mary, for Appellant.
James J. Partlow and Virginia Cassady of Stenstrom, McIntosh, Colbert, Whigham, Reischmann & Partlow, Lake Mary, for Appellee.
LAWSON, J.
Hager D. Stevens appeals from an order enforcing the custody provisions of the *722 final divorce decree that dissolved her marriage to Monte C. Stevens. We affirm, and write to address one point raised on appeal.
The parties were divorced in early 2000. They entered a marriage settlement agreement, ("MSA"), providing that Hager Stevens, ("mother"), would retain custody of their minor children until 2003, at which time Monte Stevens, ("father"), would take custody of both children.[1] The MSA was adopted and incorporated into a final divorce decree ("final judgment"). Therefore, as part of the final judgment, the parties were ordered to obey all provisions of the MSA.
When the father was ready to take custody pursuant to the MSA and final judgment, however, the mother refused to relinquish the children. Therefore, the father filed a motion for contempt seeking to enforce the final judgment. The trial court ordered the mother to deliver the children to the father, who would become the primary residential parent pursuant to the MSA and final judgment. This appeal followed.
On appeal, the mother argues that the trial court erred by ordering a change in custody without first requiring the father to plead and prove: (1) a substantial and material change of circumstances; and (2) that the custody change would promote the best interests of the children. Ironically, all of the cases cited by the mother deal with the heavy burden that a party must sustain when seeking to modify a final divorce decree providing for child custody. See, e.g., Wade v. Hirschman, 903 So.2d 928, 932 (Fla.2005) ("A final divorce decree providing for the custody of a child can be materially modified only if (1) there are facts concerning the welfare of the child that the court did not know at the time the decree was entered, or (2) there has been a change in circumstances shown to have arisen since the decree."). Here, however, the father is simply seeking to enforce the final judgment. It is the mother who wants to alter the custody arrangement decreed in the final judgment. Therefore, the cases she cites set forth the burden that she must meet in the event she files a motion to modify the final judgment.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] The father serves in the United States Marine Corps. At the time of the marriage settlement, he was scheduled for overseas deployment but knew that he could get a state-side assignment by volunteering to extend his overseas tour. Therefore, the MSA was designed to allow the children to reside with the mother until the father completed his overseas assignment and secured stable housing in the United States, at which point he would take custody. Because the father would have sixteen years in the service by 2003, he anticipated that he could retire after this final assignment and remain in the United States.