985 So.2d 584 (2008)
Robert SNOWDEN, Appellant/Cross-Appellee,
v.
Kathleen Marie SNOWDEN, Appellee/Cross-Appellant.
No. 5D07-2543.
District Court of Appeal of Florida, Fifth District.
May 30, 2008.
Rehearing Denied July 7, 2008.
*585 Catherine G. Swain of Catherine G. Swain, P.A., Daytona Beach, for Appellant/Cross-Appellee.
Rhoda Bess Goodson and Katherine J. Hurst of Cobb Cole, Daytona Beach, for Appellee/Cross-Appellant.
LAWSON, J.
Robert Snowden appeals an order denying his petition to modify child custody and visitation, arguing that the trial court was legally required to enforce a provision in the final dissolution judgment pursuant to which Kathleen Snowden, his former wife, would lose primary custody of the couple's two children if she consumed alcohol while caring for the children. Ms. Snowden cross-appeals, challenging the trial court's failure to make an increase in child support retroactive to the date of her petition for modification of child support. For reasons explained below, we affirm the order denying Mr. Snowden's petition to modify *586 custody, and reverse as to the issue raised by cross-appeal.
The parties were married in 1993 and had two children. In 2001, Mr. Snowden filed a petition for dissolution of marriage, seeking custody of the children and alleging that Ms. Snowden had "a history of substance abuse," and had been known to "mix alcohol with antidepressants." The parties ultimately entered a marital settlement agreement that awarded Ms. Snowden primary residential responsibility but granted Mr. Snowden liberal visitation pursuant to a schedule set forth in the agreement. The agreement also contained the following provision:

Visitation Restrictions. Neither party shall imbibe any alcoholic beverages or use illegal drugs during the period that they have custody with their Minor Children. If either party violates either of the foregoing provisions, then the other party shall become the primary residential parent of the Minor Children and the weekly visitation shall change so that the secondary residential parent has the following visitation: (i) every other weekend beginning at 6:00 p.m. on Friday and ending at 8:00 p.m. on Sunday an [sic.] (ii) on Wednesday evenings, from the time the Minor Children are released from school until 8:00 p.m.
This provision was adopted into the final dissolution judgment without change.
Five years later, in June 2006, Ms. Snowden petitioned to modify child support alleging that the children's needs and Mr. Snowden's ability to pay had both increased. Mr. Snowden counter-petitioned to modify child custody, arguing that there had been a substantial change in circumstances and that changing custody and visitation pursuant to the marital settlement agreement would be in the best interests of the children. In support of his petition, Mr. Snowden alleged that Ms. Snowden had repeatedly violated the provision against using alcohol or drugs.
Following a June 2007 evidentiary hearing on the two petitions, the trial court found that Ms. Snowden had "clearly imbibed wine on one occasion in March 2006 in a restaurant when the boys were in her custody, although they were sitting at a separate table with the mother's friend." The court also noted Ms. Snowden's admission "that she `occasionally' had 1-2 glasses of wine while the boys were in her custody but not in their presence." The trial court further found that Ms. Snowden had never been "even slightly impaired by alcohol consumption when the boys were in her primary care;" that her "consumption appear[ed] reasonable and moderate;" that there was "no evidence that her past occasional drinking had any adverse effect upon either child or that either was even aware of it;" and that "it is not in the best interest of the children to change primary custody nor to reduce the mother's contact with the children as the father proposes." Based upon these and other detailed findings regarding the best interests of the children, the trial court denied Mr. Snowden's petition for change in custody. With respect to Ms. Snowden's petition, the trial judge awarded an increase of $337.10 per month in child support, to commence on July 1, 2007.
Consistent with his argument below, Mr. Snowden argues on appeal that the trial judge erred in considering the best interests of the children. According to Mr. Snowden, under Wade v. Hirschman, 903 So.2d 928 (Fla.2005), and Stevens v. Stevens, 929 So.2d 721 (Fla. 5th DCA 2006), the trial court should have simply enforced the marital settlement agreement based upon the finding that Ms. Snowden had consumed alcohol while the children were in her custody. We find that the *587 trial court properly rejected these arguments.
Generally, a party petitioning to modify custody must meet a two-part substantial change test, and show both: (1) a substantial and material change in circumstances since entry of the original decree,[1] and (2) that the best interests of the child will be promoted by the proposed modification. Wade, 903 So.2d at 932-34. In Wade, our supreme court emphasized that this standard applies to any modification of a custody agreement "unless otherwise provided" in the final judgment. Id. at 932. In noting that the judgment could provide a different standard to be applied when a party seeks to modify a custody arrangement, the court in Wade approvingly cited Mooney v. Mooney, 729 So.2d 1015, 1016 (Fla. 1st DCA 1999) (parents agreed that the beginning of school would constitute a change in circumstances which would require custody to be readdressed) and Greene v. Suhor, 783 So.2d 290, 290-91 (Fla. 5th DCA 2001) (custody order provided that either parent could seek reconsideration of the custody issue without showing a change in circumstances).
In Stevens, we addressed a final judgment which provided that the mother would retain custody of the children following dissolution until the father returned from his overseas military tour, at which point the father would take custody of the children. When the father returned to the United States, the mother refused to abide by the custody arrangement set forth in the final judgment, and the father sought relief in the form of a motion to enforce the final judgment. We affirmed the order granting the father's motion to enforce the final judgment, noting that because it was the mother who sought to alter the custody arrangement decreed in the final judgment, she would have needed to meet the substantial change test in order to modify the custody decree.
We find the facts of this case to be distinguishable from those in Stevens. Stevens involved a planned custody change based upon an expected date-certain event. As such, the parties could reasonably anticipate the circumstances that would exist at the end of the husband's tour of duty, and the court could therefore make a reasoned best interests determination based upon those anticipated circumstances, at the time it adopted the agreement into a final decree. By contrast, the term of the marital settlement agreement at issue here provided for a contingent change in custody triggered by an indeterminate and potentially insubstantial event. When the trial court adopted the provision at issue in this case into the final judgment, it could not have reasonably anticipated when, if ever, the provision would become operative, the circumstances surrounding the event or events triggering the provision, or any other circumstance that would enable the court to determine whether a change of custody would be in the best interests of the children if and when a party sought to enforce the provision.
Under section 61.13(2)(b)1, Florida Statutes, the court is required to "determine all matters relating to custody of each minor child of the parties in accordance with the best interests of the child...." See also, Jones v. Jones, 674 So.2d 770, 774 (Fla. 5th DCA 1996) ("The best interests of the children are to govern the custody decision, regardless of any stipulation between the parties."); Lane v. Lane, 599 So.2d 218, 219 (Fla. 4th DCA 1992) ("It is *588 undisputed ... that a trial court's responsibility to the child cannot be abdicated to any parent, any expert. That heavy responsibility mandates that a court is not bound by any agreement between parents, nor by the opinions of any experts or group of experts."). Because the custody change sought by Mr. Snowden should not have been ordered unless it was in the best interests of the children, and because that determination could not have been addressed at the time of the final judgment given the nature of this provision, we find that the trial court properly required Mr. Snowden to demonstrate that the custody change he sought would be in the best interests of his children at the time he sought the change, as he alleged in his petition.[2]
The trial court's factual findings relating to the best interests of the children are supported by competent, substantial evidence. Therefore, we affirm the trial court's ruling on the custody issue.
With respect to the child support issue, both parties agree that the increased support was warranted. Generally, it is considered "`an abuse of discretion ... to fail to award support from the date of the petition for modification where the' circumstances requiring modification existed at the time that the petition was filed." Thyrre v. Thyrre, 963 So.2d 859, 862 (Fla. 2d DCA 2007) (quoting Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992)). The parties appear to agree that the circumstances justifying the modification existed at the time the petition was filed. Therefore, the trial court was required to either make the increased support award retroactive to the date of the petition, or explain its reasons for not doing so. Zubkin v. Zubkin, 823 So.2d 870 (Fla. 5th DCA 2002). It did neither. Accordingly, we reverse that portion of the trial court's order setting the increased support payments to begin on July 1, 2007. On remand, the trial court must either award support from the date that Ms. Snowden's petition was filed, or explain its reasons for deviating from the general rule.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
MONACO and TORPY, JJ., concur.
NOTES
[1] This first prong can alternatively be met by demonstrating material facts concerning the welfare of the child that the court did not know at the time the decree was entered. Wade, 903 So.2d at 932.
[2] Consistent with Wade, the trial court read the no-alcohol provision as modifying the traditional substantial change test by relieving Mr. Snowden of showing a substantial change in circumstances (the first prong of the test). We find this to have been an appropriate application of Wade as well.