IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JENNIFER DOWNS AND WILLIAM DOWNS,

      Appellants,

 v.                                   Case No.  5D16-468

RUTH D. LEDOUX-NOTTINGHAM,

      Appellee.

_____/

Opinion filed May 19, 2017

Appeal from the Circuit Court
for Orange County,
Bob Leblanc, Judge.

Andrew T. Windle, of The Windle Family
Law Firm, P.A., Orlando, for Appellants.

Jamie Billotte Moses, of Holland &
Knight LLP, Orlando, for Appellee.


PER CURIAM.

      This case is before this Court for the second time after the trial court denied the

grandparents' request for make-up visitation with their two minor grandchildren.  In the

first case, *Ledoux-Nottingham v. Downs*, 163 So. 3d 560 (Fla. 5th DCA 2015), this Court

upheld the trial court's enforcement of the Colorado order awarding the grandparents

visitation with the minor children pursuant to the Full Faith and Credit Clause of the United

States Constitution[1] and the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), as set forth, in part, in section 61.526(1), Florida Statutes (2013). The Florida Supreme Court affirmed our opinion in *Ledoux-Nottingham v. Downs*, 210 So. 3d 1217, 1219 (Fla. 2017).  In the initial case, this Court held that the issue of make-up visitation or timesharing was not ripe for review. 163 So. 3d at 564. On remand, the trial court denied the grandparents' motion for make-up grandparent visitation as a matter of law, finding section 61.13, Florida Statutes (2013), inapplicable, as it only explicitly authorizes make-up timesharing for parents, and holding that there was no other authority authorizing the award of such make-up visitation.

The Florida Supreme Court stated in no uncertain terms that the Colorado grandparent visitation order—which was entered in compliance with the Parental Kidnapping Prevention Act of 1980 (PKPA)[2]—is by the express terms of the PKPA subject to the commands of the Full Faith and Credit Clause.[3] *Ledoux-Nottingham*, 210 So. 3d at 1221. In order to give the Colorado order full faith and credit, the grandparents are entitled to enforce their grandparent visitation rights in Florida. The remedy provided in the Florida Statutes due to a party's refusal to honor timesharing rights is make-up timesharing to the nonoffending party under section 61.13(4)(c). *See* § 61.13(4)(c), Fla. Stat. (2013) (stating a court shall award make-up timesharing where the refusal is "without proper cause"). In

---

[1] U.S. Const., Art. IV, § 1.

[2] Pub. L. 96–611, §§ 6–10, 96 Stat. 3568 (1980).

[3] We note, for clarification, that the trial court was remiss when it stated that the application of the PKPA, a "federal statute" is "for a federal appellate court or the U.S. Supreme Court, not me" as modification and enforcement of interstate child custody determinations in Florida are governed by both the UCCJEA and the PKPA.

this sense, make-up visitation "square[s] the loss of past visitation rights." *Morales v. Morales*, 915 So. 2d 247, 249 n.1 (Fla. 5th DCA 2005). Furthermore, section 61.526, titled "Duty to enforce," authorizes the award of "any remedy" to enforce another state's child custody determination. § 61.526, Fla. Stat. (2013). We construe these provisions together, and conclude that the grandparents are entitled to pursue the remedy of make-up visitation. As a result, we reverse and remand this matter to the trial court for determination of the issue of make-up visitation. The trial court must determine whether it would be in the children's best interest for the grandparents to receive make-up visitation and if so, order timesharing in a manner fitting the best interests of the children. *See Cheek v. Hesik*, 73 So. 3d 340 (Fla. 1st DCA 2011).

REVERSED and REMANDED.

EVANDER and EDWARDS, JJ., and JACOBUS, B.W., Senior Judge, concur.