DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN E. WALKER,**
Appellants,

v.

**ROBYN WALLACE,**
Appellee.

No. 4D22-1665

[February 8, 2023]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl A. Caracuzzo, Judge; L.T. Case No. 502021DR001367XXXXNB.

Stephen E. Walker, Jupiter, pro se.

John F. Schutz of John F. Schutz, PL, Palm Beach Gardens, for appellee.

PER CURIAM.

The former husband appeals an order holding him in contempt for violating the time-sharing provisions of the marital settlement agreement incorporated in the final judgment of dissolution of marriage. He challenges the court's underlying interpretation of the terms of the marital settlement agreement. However, a person found in contempt cannot challenge the contempt order on the ground that the underlying order was legally erroneous. *See Abdo v. Abdo*, 320 So. 3d 791, 794 (Fla. 2d DCA 2021) (noting "[p]roceedings charging contempt for failure to obey an order cannot be used as a method of reviewing the question of the sufficiency of the evidence to sustain the original action"); *Cummings v. Cummings*, 723 So. 2d 898, 899 (Fla. 4th DCA 1998) (stating "failure to comply with a court order may be addressed by the court even if the order is erroneous, provided the court is acting within its jurisdiction").

Even if we considered the meaning of the marital settlement agreement, we would agree with the trial court's determination in multiple orders that the agreement does set forth a time-sharing schedule to be followed. The agreement allows for its modification once the former husband ceases

traveling for work, but modification of the agreement requires a court order,[1] which the former husband has never sought.  We conclude on this record that the court did not err in its order of contempt.

*Affirmed.*

WARNER, MAY and GERBER, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] The agreement provided a time schedule to be followed while the husband travelled for business.  It states that "it is in the best interests of the children" to spend more time with the former husband and provides "no change in circumstances will need to be shown to effectuate and/or obtain an Order which results in an increase in the children's time with the Husband."

2