# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-3376
L.T. Case No. 2022-DR-008269-FM

_____

ALEXIS ALUISE and ANDREW
ALUISE,

    Appellants,

    v.

GLENDA SPANOS,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

David S. DeLugas, of National Association of Parents, Inc.
d/b/a Parents USA, Atlanta, Georgia, for Appellants.

No Appearance for Appellee.

October 24, 2025

MACIVER, J.

    Alexis Aluise and Andrew Aluise ("Parents") appeal an order dismissing their petition for modification of a final order from Pennsylvania for lack of subject-matter jurisdiction and an order

denying their motion for reconsideration or rehearing.[1] We reverse and remand for further proceedings.

I.

Alexis Aluise is the biological mother of the child, J.R., born in September 2016. The child's biological father passed away in 2019. The mother married Andrew Aluise in October 2020, and he adopted the child in March 2021.

Appellee, Glenda Spanos—the deceased biological father's mother ("Grandmother")—brought an action for grandparent's rights in the Court of Common Pleas in Butler County, Pennsylvania. Parents and the child moved from Pennsylvania to Jacksonville, Florida in July 2021, and Grandmother remained in Pennsylvania.

Six months later, in January 2022, a Final Order, consented to by all the parties, was entered in the Court of Common Pleas (the "Pennsylvania Order"). The Pennsylvania Order provided that Parents would "retain sole legal and primary physical custody [of the child] subject to Grandmother's partial physical custody as set forth hereafter." A graduating schedule was established for Grandmother to exercise custody of the child at Grandmother's sister's home in Tampa, which by the year 2024 consisted of five weekends per year plus one week while the child was on summer break from school. Whenever Parents returned to Pennsylvania— at least once per year—they were ordered to give Grandmother seven days' advance notice and provide Grandmother visits at her home with the child, from four to eight hours depending on the length of Parents' trip. Grandmother was granted weekly fifteen-minute video calls with the child, and Parents were ordered to

---

[1] As an initial observation, we are troubled by the quality of the briefing put forth by Parents' pro hac vice attorney. Parents present numerous arguments comprised of largely flawed and misleading statements of law and inaccurate citations. Nonetheless, notwithstanding the wholly inadequate presentation of their case, they are correct that the court below erred on the question of jurisdiction.

provide photos of the child to Grandmother at least six times per year. No party could relocate the minor child without consent of the other parties or court order.

The Pennsylvania Order included the following provision: "None of the parties shall drink to the point of intoxication while the minor child is in their custody. Should any person within the household where the minor child is staying become intoxicated, the custodial party shall remove the intoxicated person or remove the child and exercise their custody elsewhere."

The Pennsylvania court retained jurisdiction subject to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), and provided that the "parties' consent to the terms of this Order is not intended to act as a bar to any subsequent actions or claims pursuant to the UCCJEA."

In December 2022, Parents petitioned the Circuit Court in Duval County to domesticate and recognize the Pennsylvania Order. By Consent Final Judgment Domesticating Foreign Decree, stipulated to by all the parties, the Pennsylvania Order was domesticated as a Florida judgment in January 2023. The Florida court found it "has subject matter jurisdiction over the Parenting Plan, Time Sharing, and child support issues before the Court." The Florida court retained jurisdiction and required the parties to appear "upon application for the enforcement or the modification of this judgment."

In April 2023, Parents filed a Supplemental Petition for Modification of the Final Judgment (the "Modification Petition"), claiming substantial and material changes of circumstances and expressing significant concerns about the child's safety and well-being while in the care of Grandmother. Parents alleged, among other things, that the child was exposed to excessive alcohol consumption during visits with Grandmother and there were multiple unknown adults at Grandmother's sister's home drinking alcohol while the child was present.

Grandmother moved to dismiss the Modification Petition, arguing that the Florida court lacked jurisdiction to modify a child custody determination made by a court of another state. Following

3

a hearing, the trial court granted Grandmother's motion and dismissed Parents' Modification Petition. Parents moved for reconsideration and rehearing, which the trial court denied. This appeal followed.

II.

We review the trial court's dismissal de novo. *Mattingly v. Hatfield*, 395 So. 3d 585, 589 (Fla. 1st DCA 2024). We also review de novo the trial court's ruling on subject-matter jurisdiction and interpretation and application of a statute. *McGovern v. Clark*, 298 So. 3d 1244, 1248 (Fla. 5th DCA 2020).

As noted by the trial court, the right to grandparent visitation is broader in Pennsylvania than it is in Florida. *Compare* 23 Pa. C.S.A. § 5325 (where a parent of the child is deceased, a parent of the deceased parent may file an action for partial physical custody of the child), *with* section 752.011, Fla. Stat., (the grandparent visitation statute). Section 752.011 provides limited circumstances under which grandparents may petition for visitation, such as when one parent is deceased, missing, or in a vegetative state, and the other parent poses a substantial threat to the child's welfare. But section 752.011 does not apply to the enforcement of foreign visitation orders, it applies to petitions initiated in Florida courts.

The domestication and enforcement of foreign visitation orders involving grandparents are subject to Florida's obligations under the Full Faith and Credit Clause[2] and the UCCJEA, codified in Florida in Chapter 61, Part II, Florida Statutes.[3]

Foreign orders granting grandparent visitation have been upheld in Florida. For instance, in *Ledoux-Nottingham v. Downs*, 210 So. 3d 1217, 1221 (Fla. 2017), the Florida Supreme Court held that a Colorado grandparent visitation order was enforceable in

---

[2] *See* Art. IV, § 1, U.S. Const. ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.").

[3] The UCCJEA is also codified in Chapter 54, Pennsylvania Statutes, sections 5401 through 5412.

Florida under the Full Faith and Credit Clause and section 61.536 of the UCCJEA (titled "Recognition and enforcement"), despite Florida's constitutional limitations on grandparent visitation rights. *Id.* at 1223. The court emphasized that Florida must enforce the foreign order even if a similar order could not be entered under Florida law due to privacy concerns. *Id.* at 1222. *See also Mattingly,* 395 So. 3d 585 (where the First District affirmed that grandparent visitation rights granted in a Kentucky order could be enforced in Florida).

But we find the facts of this case to be distinguishable from those in *Ledoux-Nottingham* and *Mattingly*. In *Ledoux-Nottingham*, the Florida action was instituted while the Colorado action was still ongoing. *See Ledoux-Nottingham v. Downs*, 163 So. 3d 560, 561 (Fla. 5th DCA 2015). Thirteen days after entry of the custody order in Colorado, the mother domesticated it and sought to modify it, claiming enforcement of grandparent visitation was unconstitutional and against public policy. *Id.* at 562. Alternatively, the mother argued a substantial and material change in circumstances, claiming one of the children had become more emotionally stable since reducing the amount of contact she had with the grandparents in the thirteen days between entry of the Colorado order and the filing of the modification petition. *Id.* at 564.

Similarly, in *Mattingly*, the visitation was still being litigated in Kentucky when the parents first attempted to modify the Kentucky order, and the Kentucky court continued to exercise exclusive jurisdiction, rejecting the parents' claim that Kentucky was an inconvenient forum. *Mattingly*, 395 So. 3d at 586. After the Kentucky court entered an order, it was domesticated in Florida and the parents then moved to modify it to remove grandmother's visitation entirely on the grounds that the parents had recently divorced. *Id.* at 587. But the First District found that the divorce was not a substantial and material change in circumstances because before entry of the Kentucky order, the mother had informed the Kentucky court that divorce was contemplated. *Id.* at 590. Further, the parents failed to present any evidence that the modification was in the best interest of the child. *Id.*

Here, as explained below, while full faith and credit was given to the Pennsylvania Order, Parents had a right to seek modification of it under the UCCJEA.

### III.

Under the UCCJEA, a court's domestication allows for enforcement of a foreign order, but it does not confer authority to alter its terms unless jurisdiction is later found in another state.

Parents argue that the Florida court took jurisdiction over the parties and the subject matter with the consent of all parties when it domesticated the Pennsylvania Order and ordered that it "retains jurisdiction, and upon application for the enforcement or the modification of this judgment, a party so required shall be and appear before the Court at the time specified by Motion and Notice of Hearing or in an Order of the Court." Yet when Parents sought to modify the Pennsylvania Order, the Florida court found it lacked subject matter jurisdiction under section 61.516, Florida Statutes (2024), entitled "Jurisdiction to modify a determination."

Section 61.516, though, does not apply here, because jurisdiction transferred to Florida under section 61.515, Florida Statutes (2024). Under section 61.515, entitled "Exclusive, continuing jurisdiction," when Pennsylvania made its initial child custody determination it had exclusive, continuing jurisdiction over the determination until:

    (a) a court of this state determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

    (b) A court of this state *or a court of another state determines that the child, the child's parent, and any person acting as a parent do not presently reside in this state.*

§ 61.515(1), Fla. Stat. (emphasis added).[4] Section 61.515 is the mechanism by which a party seeks to "transfer" jurisdiction over an order governing child custody. *Beehler v. Beehler*, 351 So. 3d 1257, 1260 (Fla. 1st DCA 2022). The party seeking that transfer must obtain the appropriate judicial determination of whether the circumstances under (a) or (b) exist. *Id*. "The effect of such a determination is to terminate the original trial court's exclusive jurisdiction, thereby freeing up the entire custody matter so it can be handled by another appropriate jurisdiction." *Id*.

The Florida court determined that the child and Parents had lived in Florida for more than a year when it domesticated the Pennsylvania Order, and more than three years when it dismissed Parents' Modification Petition. The question, then, turns on whether Grandmother is a "person acting as a parent" as defined by the UCCJEA:

> (13) "Person acting as a parent" means a person, other than a parent, who:
>
> (a) Has physical custody of the child or has had physical custody for a period of 6 consecutive months, including any temporary absence, within 1 year immediately before the commencement of a child custody proceeding; and
>
> (b) Has been awarded a child-custody determination by a court or claims a right to a child-custody determination under the laws of this state.

§ 61.503(13), Fla. Stat. "Physical custody" is defined as "the physical care and supervision of a child." § 61.503(14), Fla. Stat.

On the record before this Court, Grandmother did not have physical custody of the child for a period of six consecutive months in the year preceding the Modification Petition. Grandmother's

---

[4] The language in Pennsylvania's UCCJEA statute parallels the language in Florida's UCCJEA statute. *See* 23 Pa.C.S.A. § 5422.

limited visitation rights at her sister's home in Tampa do not meet the statutory requirements for a "person acting as a parent."

Parents petitioned to modify the Pennsylvania Order more than a year after its entry. "Generally, a party petitioning to modify custody must meet a two-part substantial change test and show both: (1) a substantial and material change in circumstances since entry of the original decree, and (2) that the best interests of the child will be promoted by the proposed modification." *Snowden v. Snowden*, 985 So. 2d 584, 587 (Fla. 5th DCA 2008) (footnote omitted). Parents based their petition on several concerns relating to alcohol abuse—a substantial and material change in circumstances given the Pennsylvania Order's prohibition on intoxication in the child's presence—and that the best interests of the child would be promoted by such modification.

In sum, Pennsylvania retained exclusive, continuing jurisdiction until the Florida court determined that the child and Parents presently reside in Florida under section 61.515(1)(b). At that point, jurisdiction transferred to Florida and Parents were entitled to bring a modification petition.[5]

IV.

Accordingly, we reverse the trial court's order denying rehearing, and remand with instructions to the Florida court to vacate its decision to decline its transferred jurisdiction, and to then follow the Florida statutory procedures to address Parents' Supplemental Petition for Modification of the Final Judgment.

REVERSED and REMANDED with instructions.

---

[5] Even if, arguendo, jurisdiction were not transferred to Florida under section 61.515, if Grandmother is not a "person acting as a parent," then whatever Pennsylvania's authority, Florida would have jurisdiction to modify the Pennsylvania order under section 61.516 "Jurisdiction to modify a determination"— the section under which the Florida court determined it lacked jurisdiction.

8

MAKAR and BOATWRIGHT, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––